# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**KYLE ANDREW REPPERT,**

    **Plaintiff,**

    **v.**                                                                        **Case No. 18-CV-1177**

**UNITED STATES DEPARTMENT OF VETERANS AFFAIRS,**

    **Defendant.**

## REPORT AND RECOMMENDATION SCREENING COMPLAINT

On July 31, 2018, Kyle Andrew Reppert filed a *pro se* complaint against the United States Department of Veterans Affairs. (Docket # 1.) Reppert generally alleges that he was falsely imprisoned and assaulted by unnamed people at the Sioux Falls VA. (*Id.*) This matter comes before me on Reppert's motion to proceed without prepaying the filing fee. (Docket # 2.) From the financial affidavit Reppert has given the court, I conclude that he is unable to pay the fees and costs of starting this lawsuit. Thus, I will grant Reppert's motion to proceed without prepaying the filing fee. However, because Reppert's complaint fails to state a claim on which relief may be granted, I recommend that Reppert's complaint be dismissed without prejudice.

## LEGAL FRAMEWORK

The federal *in forma pauperis* statute, 28 U.S.C. § 1915, is designed to ensure indigent litigants meaningful access to the federal courts while at the same time prevent indigent litigants from filing frivolous, malicious, or repetitive lawsuits. *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). To authorize a litigant to proceed without prepaying the filing fee, the court must make two determinations.

First, the court must determine whether the litigant is unable to pay the costs of commencing the action. 28 U.S.C. § 1915(a). This is done through a review of the litigant's assets as stated on a declaration submitted to the court. *Id.*

Second, the court must determine that the action is neither frivolous nor malicious, does not fail to state a claim on which relief may be granted, or does not seek money damages against a defendant immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). An action is frivolous if it is clear that the legal theory or the facts alleged are baseless or irrational. *Neitzke*, 490 U.S. at 324; *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). Dismissals under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim are to be reviewed based on the standards set for dismissals under Federal Rule of Civil Procedure Rule 12(b)(6). *Dewalt v. Carter*, 224 F.3d 607, 611-12 (7th Cir. 2000). In evaluating whether a plaintiff's complaint fails to state a claim, a court must take the plaintiff's factual allegations as true and draw all reasonable inferences in his favor. *Id.* at 612. Under Federal Rule of Civil Procedure 8(a)(2), an action is considered to state a claim if, at a minimum, it includes a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009).

## ANALYSIS

In his declaration, Reppert states that he is not married and has no dependents. (Docket # 2 at 1.) He owns a vehicle valued at $100.00 and has $25.00 in a bank account, otherwise he owns no other property of value. (*Id.* at 3-4.) Reppert states that he has no income, but has $5,090.00 in monthly expenses. (*Id.* at 1-2.) Based on the information provided, I am satisfied that Reppert is indigent for purposes of the *in forma pauperis* statute.

I next turn to the question of whether Reppert's claim is "frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). Reppert's complaint consists of nine handwritten pages containing allegations bordering on the absurd. Reppert alleges that the Sioux Falls VA falsely imprisoned him because they are "a human trafficking hospital" that administers "hot shots," which consists of a mixture of methamphetamine, heroine, and embalming fluid, "to all the bad little girls and boys." (Docket # 1 at 2-3.) Reppert alleges that he was sexually assaulted by Eric Bishop, who also threatened to spill agent orange on the railroad tracks of his hometown of Neenah, Wisconsin. (*Id.* at 3.) Reppert alleges that at the Sanford Hospital he was injected with an HIV positive dirty needle "as punishment for being gay in South Dakota." (*Id.* at 4.) Reppert alleges that the police put him in a car and drove him around for hours while shackled and hand cuffed "so tight they pinched my skin." (*Id.* at 5.) Reppert alleges that he was denied representation at a "fake hearing with a Minnehaha Lincoln County Board of Mental Illness." (*Id.* at 7.) He alleges that the Sioux Falls VA "gave [him] a sex change by injecting [him] with stuff against [his] will." (*Id.* at 9.)

In performing my analysis of whether Reppert has failed to state a claim, I must give his *pro se* allegations, "however inartfully pleaded," a liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). However, even liberally construing his complaint, I do not find that Reppert has stated a cognizable claim. Thus, I recommend the complaint be dismissed.[1]

---

[1] Because the defendants have not yet appeared and had an opportunity to consent or refuse magistrate judge jurisdiction, I issue a report and recommendation regarding the screening of Reppert's complaint. *See Coleman v. Labor and Industry Review Commission*, 860 F.3d 461(7th Cir. 2017).

**NOW, THEREFORE, IT IS RECOMMENDED** that this action be **DISMISSED**.

Your attention is directed to General L.R. 72(c), 28 U.S.C. § 636(b)(1)(B) and Federal Rules of Criminal Procedure 59(b), or Federal Rules of Civil Procedure 72(b) if applicable, whereby written objections to any recommendation or order herein, or part thereof, may be filed within fourteen days of the date of service of this recommendation or order. Objections are to be filed in accordance with the Eastern District of Wisconsin's electronic case filing procedures. Courtesy paper copies of any objections shall be sent directly to the chambers of the district judge assigned to the case. Failure to file a timely objection with the district court shall result in a waiver of a party's right to appeal. If no response or reply will be filed, please notify the Court in writing.

Dated at Milwaukee, Wisconsin this 8th day of August, 2018.

BY THE COURT

s/ *Nancy Joseph*
NANCY JOSEPH
United States Magistrate Judge