UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

KYLE ANDREW REPPERT,

        Plaintiff,

    v.

Case No. 18-cv-1177-pp

UNITED STATES DEPARTMENT OF VETERANS AFFAIRS,

        Defendant.

---

**ORDER ADOPTING MAGISTRATE JUDGE'S RECOMMENDATION (DKT. NO. 5) AND DISMISSING CASE**

---

On July 31, 2018 the plaintiff, representing himself, filed a complaint against the United States Department of Veterans Affairs, dkt. no. 1, and a motion for leave to proceed without prepayment of the filing fee, dkt. no. 2. Magistrate Judge Nancy Joseph screened the complaint. Dkt. Nos. 4-5. She granted the plaintiff's motion to proceed without prepaying the filing fee, but recommended that this court dismiss the case. Judge Joseph reviewed the allegations of the plaintiff's complaint, noting that "[plaintiff] alleges that the Souix Falls VA falsely imprisoned him because they are 'a human trafficking hospital' that administers 'hot shots,' which consists of a mixture of methamphetamine, heroine, and embalming fluid, 'to all the bad little girls and boys.'" Dkt. No. 5 at 3 (quoting Dkt. No. 1 at 2-3.). The plaintiff also alleged that he was sexually assaulted by someone who threatened to spill agent orange on the train tracks in the plaintiff's hometown, that he was injected

1

with an HIV-positive dirty needle as punishment for his sexual orientation, that police put him in handcuffs and drove him around for hours, that he was denied representation at a fake hearing and that the VA gave him a sex change by injecting him against his will. Id. Judge Joseph concluded that even liberally construing the plaintiff's complaint, he had not stated any claim for which a federal court could provide relief. Id. The last paragraph of Judge Joseph's order instructed the plaintiff that if he wished to object to any part of her recommendation, he must file a written objection within fourteen days. Id. at 4. That was five months ago; the court has not received any objections (or any other communications) from the plaintiff.

Under Federal Rule of Civil Procedure 72(b), if a party does not object to a magistrate judge's report and recommendation, the district court reviews the magistrate judge's recommendation for clear error. Fed. R. Civ. P. 72(b); Johnson v. Zema Sys. Corp., 170 F.3d 734, 739 (7th Cir. 1999) (citations omitted). This court decides only whether Judge Joseph's recommendation is clearly erroneous. It is not.

The plaintiff argued that the defendant violated his rights of interstate commerce, due process, privacy and unreasonable search and seizure for taking his blood for profit without paying him. Dkt. No. 1 at 2. He does not say when this happened, or under what circumstances. He says that the VA falsely imprisoned him for a day, making allegations of human trafficking and injections of illegal drugs—allegations, which, as Judge Joseph found, are somewhat bizarre. Id. at 2-3. He makes allegations about reporting "a fed Eric

2

Bishop" missing, about the state of Nebraska taking his house, about the Eighth Circuit wrongfully dismissing a lawsuit, about an ammunition company rebuilding ammunition with methamphetamine and heroin, and multiple other disjointed allegations. The allegations go on for eight pages. At the end of the complaint, the plaintiff asks for five billion dollars in immediate compensation, a trillion dollars in damages and a restraining order against not only the defendant, but the VA in Omaha and Minneapolis and the FBI. Id. at 11.

The plaintiff clearly is suffering, and the court hopes that he has someone to turn to for help. But none of the allegations in his complaint state claims for which a federal court can grant relief.

The court **ADOPTS** Judge Joseph's recommendation. Dkt. No. 5.

The court **ORDERS** that this case is **DISMISSED** for failure to state a claim upon which relief can be granted. The clerk will enter judgment accordingly.

This order and the judgment to follow are final. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within **thirty (30)** days of the entry of judgment. See Fed. R. of App P. 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the thirty-day deadline. See Fed. R. App. P. 4(a)(5)(A).

Under certain circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under

Rule 59(e) must be filed within **twenty-eight (28)** days of the entry of judgment. The court cannon extend this deadline. See Fed. R. Civ. P. 6(b)(2). Any motion under Rule 60(b) must be filed within a reasonable time, generally no more than one year after the entry of judgment. The court cannot extend this deadline. See Fed. R. Civ. P. 6(b)(2).

The court expects the parties to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.

Dated in Milwaukee, Wisconsin this 11th day of January, 2019.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**United States District Judge**